**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| CHARLESTON WATERKEEPER, SOUTH CAROLINA COASTAL CONSERVATION LEAGUE, | |
| Plaintiffs, | |
| v. | C/A No. 2:20-cv-01089-DCN |
| FRONTIER LOGISTICS, L.P., | |
| Defendant. | |

**ANSWER OF DEFENDANT FRONTIER LOGISTICS, L.P.**

Defendant Frontier Logistics, L.P. ("Frontier"), by and through its undersigned counsel, answers the Complaint of Plaintiffs Charleston Waterkeeper and Coastal Conservation League as follows.

**FOR A FIRST DEFENSE**

Any allegation not specifically admitted herein is denied. Frontier's responses herein correspond to the numbered Paragraphs contained in the Plaintiffs' Complaint.

1. The first sentence set forth in Paragraph 1 contains Plaintiffs' characterizations of their claims and otherwise constitute conclusions of law; as such, no response is required. To the extent a response is required, Frontier denies those allegations. The remainder of the allegations set forth in the above Paragraph are denied.

2. Frontier denies the allegations set forth in Paragraph 2.

3. Frontier denies the allegations set forth in Paragraph 3.

4. Frontier denies the allegations set forth in Paragraph 4.

5. The allegations set forth in Paragraph 5 contain Plaintiffs' characterizations of their claims and otherwise constitute conclusions of law; as such, no response is required. To the extent a response is required, Frontier denies those allegations.

6. Responding to the allegations set forth in Paragraph 6, Frontier admits that it received notice from Plaintiffs of their intent to file this action under CWA and a copy of the same is attached to the Complaint. Frontier is without sufficient knowledge or information to respond to the remaining allegations set forth in the above Paragraphs and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier. To the extent the allegations in the above Paragraph contain legal conclusions, no response is required.

7. Responding to the allegations set forth in Paragraph 7, Frontier admits that it received notice from Plaintiffs of their intent to file this action under RCRA and a copy of the same is attached to the Complaint. Frontier is without sufficient knowledge or information to respond to the remaining allegations set forth in the above Paragraphs and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier. To the extent the allegations in the above Paragraph contain legal conclusions, no response is required.

8. Responding to the allegations set forth in Paragraph 8, Frontier admits that neither the EPA nor DHEC are prosecuting any actions against it related to the allegations in Plaintiffs' Complaint. The remainder of allegations set forth in the above Paragraph are denied.

9. Frontier denies the allegations set forth in Paragraph 9.

10. Frontier denies the initial allegations set forth in Paragraph 10 related to venue based on alleged violations. Upon information and belief, Frontier admits the subsequent allegations in the above Paragraph related to Plaintiffs' locations. Responding to the final allegations in the above Paragraph, Frontier asserts that it is organized as a limited partnership

under the laws of the State of Illinois and operates the facility cited by Plaintiffs in this district. Any and all allegations inconsistent with this response are denied.

11. Upon information and belief, Frontier admits the allegations set forth in Paragraph 11.

12. Upon information and belief, Frontier admits the allegations set forth in Paragraph 12.

13. Frontier denies the allegations set forth in Paragraph 13.

14. Frontier denies the allegations set forth in Paragraph 14.

15. Responding to the allegations set forth in Paragraph 15, Frontier asserts that it is a limited partnership organized and existing pursuant to the laws of the State of Illinois and provides supply chain services at the facility cited by Plaintiffs. Further responding, Frontier asserts that it receives by rail and packages production pellets into 25-kilogram bags at the facility for export by third party. Frontier denies any allegations inconsistent with this response.

16. The allegations set forth in Paragraph 16 related to RCRA and CWA definitions constitute legal conclusions and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

17. The allegations set forth in Paragraph 17 related to RCRA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

18. The allegations set forth in Paragraph 18 related to RCRA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

19. The allegations set forth in Paragraph 19 related to RCRA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

20. The allegations set forth in Paragraph 20 related to RCRA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier. Frontier further denies that it has illegally discharged production pellets into the environment or otherwise violated the law.

21. The allegations set forth in Paragraph 21 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

22. The allegations set forth in Paragraph 22 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

23. The allegations set forth in Paragraph 23 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

24. The allegations set forth in Paragraph 24 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

25. The allegations set forth in Paragraph 25 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

26. The allegations set forth in Paragraph 26 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

27. The allegations set forth in Paragraph 27 Complaint related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

28. The allegations set forth in Paragraph 28 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

29. The allegations set forth in Paragraph 29 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

30. The allegations set forth in Paragraph 30 related to CWA constitute legal conclusions and/or restatements of law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier. Frontier further denies that it has illegally discharged production pellets into the environment or otherwise violated the law.

31. Responding to the allegations set forth in Paragraph 31, Frontier asserts that it has been operating the facility at Union Pier Terminal since May 2017. Further responding, the facility is licensed to Frontier by the South Carolina State Ports Authority. The remaining allegations set forth in the above Paragraph are denied to the extent they are inconsistent with this response.

32. Frontier admits the allegations set forth in Paragraph 32 as modified to include that 25-kilogram bags placed on pallets at the facility are either stretch-hooded or stretch-wrapped as part of the packaging process and before shipment.

33. Responding to the initial allegations set forth in Paragraph 33, Frontier admits that the facility is located on a wharf that extends partially over the Cooper River. Frontier denies the remaining allegations set forth in Paragraph 33. The alleged openings referenced by Plaintiffs at the facility have been screened and covered. *See* Exhibit 1.

34. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 34 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

35. Responding to the allegations set forth in Paragraph 35, Frontier craves reference to the Exhibit cited by Plaintiffs' for its contents. Frontier denies any allegations inconsistent with those contents or intended to allege liability or damages against Frontier.

36. Responding to the allegations set forth in Paragraph 36, Frontier admits that DHEC conducted a site visit to its facility on July 19, 2019, but craves reference to the Exhibit cited by Plaintiffs for its content. Frontier denies any allegations inconsistent with those contents or intended to allege liability or damages against Frontier.

37. Frontier denies the allegations set forth in Paragraph 37.

38. Frontier denies the allegations set forth in Paragraph 38.

39. Frontier denies the allegations set forth in Paragraph 39.

40. Frontier denies the allegations set forth in Paragraph 40.

41. Responding to the allegations set forth in Paragraph 41, Frontier admits that DHEC conducted a site visit to its facility on July 23, 2019, but craves reference to the Exhibit cited by

Plaintiffs for its contents. Frontier denies any allegations inconsistent with those contents or intended to allege liability or damages against Frontier.

42. Responding to the allegations set forth in Paragraph 42, Frontier craves reference to the Exhibit cited by Plaintiffs for its contents. Frontier denies any allegations inconsistent with those contents or intended to allege liability or damages against Frontier. Frontier further denies that it has illegally discharged production pellets into the environment or otherwise violated the law.

43. Responding to the allegations set forth in Paragraph 43, Frontier craves reference to the Exhibit cited by Plaintiffs for its contents. Frontier denies any allegations inconsistent with those contents or intended to allege liability or damages against Frontier. Frontier further denies that it has illegally discharged production pellets into the environment or otherwise violated the law.

44. Responding to the initial allegations set forth in Paragraph 44, Frontier admits that DHEC conducted a site visit to its facility on July 29, 2019, but craves reference to the Exhibit cited by Plaintiffs' for its content related to site conditions during that visit. Frontier denies any allegations inconsistent with those contents or intended to allege liability or damages against Frontier. Further responding, Frontier denies the allegations set forth in the last sentence of the above Paragraph.

45. Frontier admits the allegations set forth in Paragraph 45.

46. Frontier admits the allegations set forth in Paragraph 46. Further responding, Frontier craves reference to the Exhibit cited by Plaintiffs' for its contents. Frontier denies any and all allegations inconsistent with those contents, or intended to allege liability or damages against Frontier.

47. Frontier admits the allegations set forth in Paragraph 47. Further responding, Frontier craves reference to the Exhibit cited by Plaintiffs' for its contents. Frontier denies any and all allegations inconsistent with those contents, or intended to allege liability or damages against Frontier.

48. Frontier denies the allegations set forth in Paragraph 48.

49. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 49 and therefore denies the same.

50. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 50 and therefore denies the same.

51. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 51 and therefore denies the same.

52. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 52 and therefore denies the same.

53. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 53 and therefore denies the same.

54. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 54 and therefore denies the same.

55. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 55 and therefore denies the same. Frontier further denies that it has illegally discharged production pellets into the environment or otherwise violated the law.

56. Responding to the allegations set forth in Paragraph 56, Frontier admits that it handles only polyethylene production pellets at its facility. Frontier is without sufficient

knowledge or information to form an opinion as to the truth of the remaining allegations set forth in the above Paragraph and therefore denies the same. Further responding, upon information and belief, various other entities in the Charleston area handle and distribute polyethylene production pellets.

57. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 57 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

58. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 58 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

59. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 59 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

60. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 60 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

61. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 61 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

62. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 62 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

63. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 63 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

64. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 64 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

65. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 65 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

66. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 66 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

67. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 67 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

68. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 68 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

69. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 69 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

70. Frontier denies the allegations set forth in Paragraph 70.

71. Frontier reiterates the foregoing responses to the allegations incorporated by reference into Paragraph 71.

72. The allegations set forth in Paragraph 72 constitute legal conclusions and/or restatements of purported law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

73. Frontier denies the allegations set forth in Paragraph 73.

74. Responding to the allegations set forth in Paragraph 74, Frontier admits that production pellets are handled and temporarily stored at the facility. However, Frontier denies that production pellets are disposed of at the facility or any further allegations inconsistent with this response.

75. Frontier denies the allegations set forth in Paragraph 75.

76. Frontier denies the allegations set forth in Paragraph 76.

77. Frontier is without sufficient knowledge or information to form an opinion as to the truth of the allegations asserted in Paragraph 77 and therefore denies the same to the extent those allegations are intended to allege liability or damages against Frontier.

78. Frontier denies the allegations set forth in Paragraph 78.

79. Frontier reiterates the foregoing responses to the allegations incorporated by reference into Paragraph 79.

80. The allegations set forth in Paragraph 80 constitute legal conclusions and/or restatements of purported law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

81. The allegations set forth in Paragraph 81 constitute legal conclusions and/or restatements of purported law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

82. The allegations set forth in Paragraph 82 constitute legal conclusions and/or restatements of purported law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

83. The allegations set forth in Paragraph 83 constitute legal conclusions and/or restatements of purported law and therefore no response is required. Nevertheless, those allegations are denied to the extent they allege liability or damages against Frontier.

84. Frontier admits the allegations set forth in Paragraph 84, and further avers that it is in full compliance with all applicable laws.

85. Frontier denies the allegations set forth in Paragraph 85.

86. Frontier denies the allegations set forth in Paragraph 86.

87. Frontier denies the allegations set forth in Paragraph 87.

88. Frontier denies the allegations set forth in Paragraph 88.

89. Frontier denies the allegations set forth in Plaintiffs' Request for Relief, including all subparts.

**FOR A SECOND DEFENSE**

**(As to all Counts – Rule 12(b)(1), FRCP)**

90. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

91. Frontier asserts that the allegations set forth in the Complaint are not justiciable because Plaintiffs' lack standing. The Court therefore lacks jurisdiction and the Complaint should be dismissed.

**FOR A THIRD DEFENSE**

**(As to all Counts – Rule 12(b)(6), FRCP)**

92. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

93. Frontier asserts that, to the extent the Court does have subject matter jurisdiction, the Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

**FOR A FOURTH DEFENSE**

**(As to all Counts – Compliance with Statutes)**

94. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

95. Frontier has not violated any of the statutory provisions cited in Plaintiffs' Complaint. At all times, Frontier complied with all statutory and regulatory requirements concerning the activities that are the subject of Plaintiffs' Complaint.

**FOR A FIFTH DEFENSE**

**(As to all Counts – Compliance with Best Management Practices)**

96. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

97. Frontier's operations at the facility comply with all Best Management Practices (BMPs) relevant to the handling and distribution of production pellets. As such, any discharges of

production pellets from the facility into the environment (which are denied) occurred despite Frontier's adherence to BMPs. As such, Plaintiffs' Complaint should be dismissed.

**FOR A SIXTH DEFENSE**

**(As to all Counts – Failure to Satisfy Elements of RCRA and CWA)**

98. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

99. The allegations set forth in Plaintiffs' Complaint fail to satisfy the elements for citizen suits brought under RCRA and CWA. Furthermore, the alleged violations otherwise fail to satisfy the statutory elements of those respective statutory schemes.

**FOR A SEVENTH DEFENSE**

**(As to all Counts – Act of God or Third Party)**

100. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

101. The alleged discharges referred to in Plaintiffs' Complaint, if any, were caused by acts of God, or acts or omissions of entities or persons other than Frontier and over whom Frontier has no control.

**FOR AN EIGHTH DEFENSE**

**(As to Count I – Failure to Satisfy RCRA Definition of "Solid Waste")**

102. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

103. The allegations set forth in Plaintiffs' Complaint regarding production pellets discharged into the environment fail to qualify as "solid waste" for purposes of 42 U.S.C. § 6903(27). Count I of Plaintiffs' Complaint should therefore be dismissed.

**FOR A NINTH DEFENSE**

**(As to Count II – Mootness)**

104. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

105. The allegations set forth in Plaintiffs' Complaint related to discharges into navigable waters under CWA are moot and should therefore be dismissed. A new inland facility is currently under construction to replace the facility at issue in the Complaint. As such, any discharges into navigable waters under the CWA (which are denied) will no longer occur after completion of the new facility.

**FOR A TENTH DEFENSE**

**(As to Count II – No Continuous Violations)**

106. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

107. Plaintiffs' Complaint fails to establish jurisdiction as no continuing violations of CWA exist. Any violations of CWA (which are denied) are wholly past violations and are, therefore, not actionable. Accordingly, Count II of Plaintiffs' Complaint should be dismissed.

**FOR AN ELEVENTH DEFENSE**

**(Declaratory Relief)**

108. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

109. Plaintiffs' Complaint fails because the relief and remedy that Plaintiffs seek is either improper or unavailable.

**<u>FOR A TWELFTH DEFENSE</u>**

**(Injunctive Relief)**

110. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

111. Plaintiffs' Complaint fails to because the relief and remedy that Plaintiffs seek is either improper or unavailable.

**<u>FOR A THIRTEENTH DEFENSE</u>**

**(Authorization in Law)**

112. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

113. Frontier pleads authorization in law as a complete defense to Plaintiffs' claims.

**<u>FOR A FOURTEENTH DEFENSE</u>**

**(Identical Relief, Incompatible Claims)**

114. Frontier incorporates by reference each and every paragraph of this Answer as though set forth in full herein.

115. In the alternative, any relief available under CWA and RCRA (which is denied) related to Plaintiffs' allegations is identical. *See Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 601 (6th Cir. 2004). Furthermore, the production pellets allegedly discharged by Frontier (which is denied) cannot be both a solid waste under RCRA and a discharge subject to permitting under CWA. *See Little Hocking Water Ass'n, Inc.*, 91 F. Supp. 3d 940, 959 (S.D. Ohio 2015). Accordingly, Plaintiffs' claims under RCRA or CWA should be dismissed.

**FOR A FIFTEENTH DEFENSE**

116. Frontier will rely upon all additional affirmative defenses that become available as a result of information developed through discovery or trial.

Having fully answered each allegation set forth in Plaintiffs' Complaint, Frontier respectfully requests that this Court:

A) Deny Plaintiff's Request for Relief;

B) Dismiss the Complaint;

C) Award Frontier its costs of this action, including reasonable attorney's fees and expert witness fees, as permitted by § 7002 of RCRA, 42 U.S.C. § 6972, and § 505(d) of CWA, 33 U.S.C. § 1365(d), and applicable law.

Respectfully submitted,

s/J. Joseph Owens
Randolph R. Lowell, Fed. Bar No. 9203
Chad N. Johnston, Fed. Bar No. 10813
J. Joseph Owens, Fed. Bar No. 12575
**WILLOUGHBY & HOEFER, PA**
133 River Landing Drive, Suite 200
Charleston, South Carolina 29492
rlowell@willoughbyhoefer.com
cjohnston@willoughbyhoefer.com
jowens@willoughbyhoefer.com
(843) 619-4426

*Attorneys for Frontier Logistics, L.P.*

April 30, 2020
Charleston, South Carolina