# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| CHARLESTON WATERKEEPER, SOUTH CAROLINA COASTAL CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER LOGISTICS, L.P.,<br><br>Defendant. | ) | C/A No. 2:20-cv-01089-DCN |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Defendant Frontier Logistics, L.P. ("Frontier") provides the following responses to Plaintiffs' First Set of Requests for Production.

## GENERAL OBJECTIONS

Frontier objects to providing any information or response that is protected by the attorney-client privilege or work product exemption, trade secret or other confidential and proprietary information, and all other privileges and immunities from discovery. No response is intended as or should be construed as a waiver of such objections, privileges, and immunities. Frontier asserts such exemptions, privileges, and immunities and therefore objects to producing any information or documents protected thereby.

Frontier further asserts work product exemption and immunities as to all communications and documentations prepared in anticipation of litigation and thus objects to producing such work product. In setting forth these answers, Frontier does not waive any work product or other privilege

or immunity which may attach to the information called for in, or which may be responsive to, these requests for production.

Frontier does not concede the relevancy or materiality of these requests for production, the subject matter of these requests, or documents produced in response thereof. Frontier reserves the right to question the competency, relevancy, materiality, privilege, and admissibility of any documents produced or referred to herein. Frontier also reserves the right to revise, correct, supplement, or clarify any of its answers or documents referred to herein. Frontier further objects to any request for information that is outside the scope of knowledge of Frontier.

Frontier further adds that it has and is continuing to conduct a diligent search of its records and files in the places and condition that they are normally maintained. Frontier's search is ongoing and its responses in this production should not be construed as either exhaustive or a withholding of documents. Frontier's response in this production is a "rolling" production, as Frontier's ongoing search may or may not produce other materials relevant to Plaintiffs' requests, and Frontier reserves the right to supplement this production. Frontier further provides that it is actively compiling and will provide to Plaintiffs a detailed log of privileged documents which may be responsive to Plaintiffs' requests, but that are protected from disclosure by the attorney-client privilege, work product doctrine, or other exemptions.

Subject to and without waiving these General Objections, which are incorporated into all responses as if stated verbatim therein, Frontier responds:

## <u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

**1. Please produce all internal communications and communications with DHEC, SCPA, the Town of Sullivan's Island, the City of Isle of Palms, and any other government agency or entity relating to the UPT facility, the July 2019 spill, the NOAV, the 60-Day Notice, the 90-Day Notice, this Action, and any suspected or confirmed spills or discoveries of plastic pellets in Charleston County.**

**RESPONSE:** In addition to the general objections, Frontier objects to this request on the grounds that it seeks information and documents irrelevant and collateral to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence in this case. Frontier further objects to this request on the grounds that the request is overly broad in time and scope and unduly burdensome. Frontier further objects to this request insofar as it purports to seek the disclosure of information and documents protected by an applicable privilege and/or work-product exemption. Frontier further objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production, if any exist and have been located to date in Frontier' ongoing and diligent search of its records, are produced simultaneously herewith bates stamped as follows:

1. 19-07-19 DHEC Photos binder (Bates no. 000001-000030)
2. 19-07-21 Nurdles v. Penny (Bates no. 000031)
3. Binders containing on-site photographs of the UPT facility taken on the corresponding date set forth in the .pdf title:

    1) 19-07-22 Binder (Bates no. 000032-000033)
    2) 19-07-25 Binder (Bates no. 000034-000046)
    3) 19-07-29 Binder (Bates no. 000047-000067)
    4) 19-07-30 Binder (Bates no. 000068-000117)
    5) 19-07-31 Binder (Bates no. 000118-000135)
    6) 19-08-01 Binder (Bates no. 000136-000153)
    7) 19-08-02 Binder (Bates no. 000154-000155)
    8) 19-08-05 Binder (Bates no. 000156-000158)
    9) 19-08-08 Binder (Bates no. 000159-000181)
    10) 19-08-15 Binder (Bates no. 000182-000200)
    11) 19-08-20 Binder (Bates no. 000201)
    12) 19-08-29 Binder (Bates no. 000202-000214)
    13) 19-09-12 Binder (Bates no. 000215-000228)
    14) 19-09-19 Binder (Bates no. 000229-000238)
    15) 19-09-26 Binder (Bates no. 000239-000267)
    16) 19-10-03 Binder (Bates no. 000268-000276)
    17) 19-10-10 Binder (Bates no. 000277-000286)
    18) 19-10-24 Binder (Bates no. 000287-000295)
    19) 19-11-07 Binder (Bates no. 000296-000304)
    20) 19-11-14 Binder (Bates no. 000305-000315)
    21) 19-11-20 Binder (Bates no. 000316-000323)
    22) 19-11-21 Binder (Bates no. 000324-000332)
    23) 19-12-05 Binder (Bates no. 000333-000341)
    24) 19-12-12 Binder (Bates no. 000342-000350)
    25) 19-12-19 Binder (Bates no. 000351-000360)
    26) 19-12-26 Binder (Bates no. 000361-000384)
    27) 19-12-27 Binder (Bates no. 000385-000388)

28) 20-01-02 Binder (Bates no. 000389-000398)
29) 20-01-09 Binder (Bates no. 000399-000408)
30) 20-01-16 Binder (Bates no. 000409-000424)
31) 20-01-23 Binder (Bates no. 000425-000450)
32) 20-01-30 Binder (Bates no. 000451-000469)
33) 20-02-06 Binder (Bates no. 000470-000488)
34) 20-02-13 Binder (Bates no. 000489-000499)
35) 20-02-20 Binder (Bates no. 000500-000510)
36) 20-02-27 Binder (Bates no. 000511-000520)
37) 20-03-06 Binder (Bates no. 000521-000530)
38) 20-03-12 Binder (Bates no. 000531-000541)
39) 20-03-19 Binder (Bates no. 000542-000556)
40) 20-03-24 Binder (Bates no. 000557-000577)
41) 20-03-26 Binder (Bates no. 000578-000589)
42) 20-04-02 Binder (Bates no. 000590-000616)
43) 20-04-09 Binder (Bates no. 000617-000646)
44) 20-04-16 Binder (Bates no. 000647-000672)
45) 20-04-30 Binder (Bates no. 000673-000716)
46) 20-05-07 Binder (Bates no. 000717-000727)
47) 20-05-14 Binder (Bates no. 000728-000744)
48) 20-05-22 Binder (Bates no. 000745-000765)
49) 20-06-01 Binder (Bates no. 000766-000781)
50) 20-06-04 Binder (Bates no. 000782-000799)
51) 20-06-12 Binder (Bates no. 000800-000814)
52) 20-07-03 Binder (Bates no. 000815-000832)
53) 20-07-10 Binder (Bates no. 000833-000847)
54) 20-07-17 Binder (Bates no. 000848-000861)
55) 20-07-24 Binder (Bates no. 000862-000883)

4. DHEC Binder (Bates no. 000884-000903)
5. Inspection Reports Binder (Bates no. 000904-000943)
6. Invoice Binder (Bates no. 000944-000954)
7. SDS Sheets Binder (Bates no. 000955-001119)
8. NOI Binder (Bates no. 0001120-001278)
9. Frontier Emails Binder (Bates no. 001279-001336)
10. Invoice 2 Binder (bates no. 001337-001351)
11. SCSPA Binder (Bates no. 001352-001366)
12. Frontier Procedures (CONFIDENTIAL Bates no. 001367- 1377)
13. License Agreements Binder (CONFIDENTIAL Bates no. 001378-001403)
14. Production Reports Binder (CONFIDENTIAL Bates no. 001404-001437)
15. UP Volume binder (CONFIDENTIAL Bates no. 001438-001497)

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

**2. Please produce all documents, including internal communications, relating to**

**routine operating and housekeeping procedures at the UPT facility, including procedures for transferring pellets from railcars; procedures for transferring pellets via pneumatic tubes; procedures for transferring pellets into bags; procedures for transferring pellets onto forklifts and pallets; procedures for storing pellets; procedures for transferring pellets onto trucks; any washdown or other facility cleaning procedures; and any other procedures governing the routine handling of pellets at the site.**

**RESPONSE:** In addition to the general objections, Frontier objects to this request on the grounds that it seeks information and documents irrelevant and collateral to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence in this case. Frontier further objects to this request on the grounds that the request is overly broad in time and scope and unduly burdensome. Frontier further objects to this request insofar as it purports to seek the disclosure of information and documents protected by an applicable privilege and/or a work-product exemption. Frontier further objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production have been located to date in Frontier's ongoing and diligent search of its records and files, are produced simultaneously herewith as set forth and organized in Response to Request No. 1.

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

**3. Please produce all documents, including internal communications, relating to housekeeping procedures, physical barriers, and any other actions or measures taken by Frontier at the UPT facility to prevent plastic pellets from spilling during handling, to contain pellets once spilled, to clean up spilled pellets, and to prevent pellets from egressing the facility into the Cooper River or onto neighboring property.**

**RESPONSE:** In addition to the general objections, Frontier specifically objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier. Frontier further objects to this request insofar as it purports to seek the disclosure of information and documents protected by an applicable privilege and/or a work-product exemption.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production, if any exist and have been located to date in Frontier's ongoing and diligent search of its records and files, are produced simultaneously herewith as set forth and organized in Response to Request No. 1.

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

**4. Please produce all documents relating to the product specifications, including the manufacturers, the product names, and the chemical formulas, of any and all plastic pellets handled at the UPT facility.**

**RESPONSE:** In addition to the general objections, Frontier specifically objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production, if any exist and have been located to date in Frontier's ongoing and diligent search of its records and files, are produced simultaneously herewith as set forth and organized in Response to Request No. 1.

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

**5. Please produce all documents relating to inspections of or visits to the UPT facility by DHEC, SCPA, the Town of Sullivan's Island, the City of Isles of Palms, and any other government agency or entity.**

**RESPONSE:** In addition to the general objections, Frontier further objects to this request on the grounds that the request is overly broad in time and scope and unduly burdensome. Frontier further objects to this request insofar as it purports to seek the disclosure of information and documents protected by an applicable privilege and/or a work-product exemption. Frontier further objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production, if any exist and have been located to date in Frontier's ongoing and diligent search of its records and files, are produced simultaneously herewith as set forth and organized in Response to Request No. 1.

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

**6. Please produce all documents relating to the license or lease agreement between Frontier and SCPA for the UPT facility, including when this agreement ends and any plans for Frontier evacuating the UPT facility.**

**RESPONSE:** In addition to the general objections, Frontier objects to this request on the grounds that it seeks information and documents irrelevant and collateral to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence in this case. Frontier further objects to this request insofar as it purports to seek the disclosure of information and documents protected by an applicable privilege and/or a work-product exemption. Frontier further objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production, if any exist and have been located to date in Frontier's ongoing and diligent search of its records and files, are produced simultaneously herewith as set forth and organized in Response to Request No. 1.

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

**7. Please produce all documents relating to the site plan for and condition of the UPT facility, including any assessments of the stormwater management system; videos and photographs taken inside the facility; and any completed or planned repair work or maintenance at the facility.**

**RESPONSE:** In addition to the general objections, Frontier objects to this request on the grounds that it seeks information and documents irrelevant and collateral to the claims and defenses in this matter and is not reasonably calculated to lead to the discovery of admissible evidence in this case. Frontier further objects to this request on the grounds that the request is overly broad in time and scope and unduly burdensome. Frontier further objects to this request insofar as it purports to seek the disclosure of information and documents protected by an applicable privilege and/or a work-product exemption. Frontier further objects to this request insofar as it purports to seek documents that are confidential and/or contain proprietary business information of Frontier.

Subject to and without waiving the above objections, Frontier responds that non-privileged documents responsive to this Request for Production, if any exist and have been located to date in Frontier's ongoing and diligent search of its records and files, are produced simultaneously herewith as set forth and organized in Response to Request No. 1.

As with all responses, Frontier reserves the right to update, supplement, revise, amend, correct and/or clarify this response as additional information come to its attention through discovery or otherwise.

[SIGNATURE BLOCK FOLLOWS]

Respectfully submitted,

s/J. Joseph Owens
Randolph R. Lowell, Fed. Bar No. 9203
Chad N. Johnston, Fed. Bar No. 10813
J. Joseph Owens, Fed. Bar No. 12575
**WILLOUGHBY & HOEFER, PA**
133 River Landing Drive, Suite 200
Charleston, South Carolina 29492
rlowell@willoughbyhoefer.com
cjohnston@willoughbyhoefer.com
jowens@willoughbyhoefer.com
(843) 619-4426

*Attorneys for Frontier Logistics, L.P.*

July 31, 2020
Charleston, South Carolina