# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| CHARLESTON WATERKEEPER, SOUTH CAROLINA COASTAL CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER LOGISTICS, L.P.,<br><br>Defendant. | ) | C/A No. 2:20-cv-01089-DCN |

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION**

Defendant Frontier Logistics, L.P. ("Frontier") provides the following responses to Plaintiffs' First Set of Requests for Admission.

## GENERAL OBJECTIONS

Frontier objects to the instructions to the extent they seek to impose obligations that exceed those required by the applicable rules of civil procedure and which would subject Frontier to unreasonable burden, expense or inconvenience.

Frontier objects to the requests to the extent that they seek any information or response that is protected by the attorney-client privilege or work product exemptions, trade secret, or other confidential and proprietary information, and all other privileges and immunities from discovery. No response is intended as or should be construed as a waiver of such objections, privileges, and immunities. In setting forth these answers, Frontier does not waive any work product or other privilege or immunity which may attach to information called for in, or which may be responsive to, these Requests.

Frontier does not concede the relevance or materiality of the Requests or the within responses, or the subject matter of same. Frontier further objects to any Request that is outside the scope of knowledge of Frontier. Frontier expressly reserves the right to revise, correct, supplement, or clarify any of its answers or documents referred to herein.

Subject to and without waiving these General Objections, which are incorporated into all responses as if stated verbatim therein, Frontier responds as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**1. Please admit that no plastic pellet has ever been released from the UPT facility into the Cooper River and/or onto neighboring property since Frontier began operations there in May 2017.**

**RESPONSE:** After a reasonable inquiry, Frontier lacks knowledge or information sufficient to admit or deny the instant Request, and the information known or that is readily obtainable by Frontier is insufficient to enable it to admit or deny the Request.

Further responding, Frontier states that, following inspections by DHEC in July 2019, loose pellets were located in several locations onsite at the UPT facility. Any loose pellets discovered at the UPT facility were collected and disposed of at that time.

Following the July 2019 incident, Frontier audited and improved its containment measures at the UPT facility to further prevent the potential for any loose pellets to migrate offsite. Those improved containment measures are detailed in Frontier's responses to Plaintiffs' Interrogatories and Requests for Production. Frontier lacks any knowledge or information, nor has any such information or documentation been produced by Plaintiffs, demonstrating that any of the pellets collected in the Charleston area derive from Frontier's operations at the UPT facility, or

demonstrating that pellets continue to be released into the environment in the Charleston area which are derived from Frontier's operations at its UPT facility.

**2. Please admit that none of the plastic pellets which washed ashore on the beaches of Sullivan's Island or Isle of Palms on July 19, 2019, or thereafter were released from the UPT facility.**

**RESPONSE:** See Response to Request 1, above.

Further responding, Frontier asserts that certain pellets located on the beaches on or around July 19, 2019 (and since) were not the type, shape, or color of pellet handled by Frontier. Similarly, other companies in the Charleston region handle pellets which may be similar or identical to those handled by Frontier. Along those lines, Frontier does not handle or control the pellets it receives prior to their arrival at the UPT facility. And, on information and belief, pellets of the type, shape, and color bagged and shipped from the UPT facility are handled by other entities and facilities in Charleston. Frontier further asserts that the evidence will demonstrate that many of the pellets collected from the beach on or about July 19, 2019 and since have never been handled by Frontier. The presence of a variety of pellet-types indicates that Frontier is not responsible for any spill which may have resulted in the July 2019 incident. And given the improved containment measures at UPT facility, to the extent pellets continue to be released into the environment in the Charleston area, those releases are not the result of Frontier's operations at its UPT facility.

**3. Please admit that none of the plastic pellets which Plaintiffs have recovered in Charleston County, as detailed in Figure 2 of the Complaint, were released from the UPT facility.**

**RESPONSE:** After a reasonable inquiry, Frontier lacks knowledge or information sufficient to admit or deny the instant Request, and the information known or that is readily

obtainable by Frontier is insufficient to enable it to admit or deny the Request. Further responding, Frontier would affirmatively assert that it does not have possession of any pellets allegedly recovered by Plaintiffs in Charleston County. However, on July 14, 2020, Frontier served Plaintiffs' counsel with a Rule 34(a)(1)(B), FRCP, Request to Inspect, Test, or Sample the pellets collected by their clients. Accordingly, Frontier reserves the right to supplement this response after receiving any pellets collected by Plaintiffs (after having time to conduct a reasonable inquiry into the source of the same, as necessary).

**4. Please admit, consistent with Exhibit 7 of the Complaint, that prior to July 19, 2019, Frontier had not implemented or was not adequately following sufficient housekeeping procedures or containment measures at the UPT facility to prevent plastic pellets from spilling during handling, to contain pellets once spilled, to clean up spilled pellets, and to prevent pellets from egressing the facility into the Cooper River or onto neighboring property. *See* Compl. Ex. 7, at 4.**

**RESPONSE:**

Frontier admits the instant request only to the extent it alleges or infers that Frontier did not adequately follow housekeeping and/or containment measures to clean up or contain loose pellets on or around the date of DHEC's initial inspection of Frontier's UPT facility (July 19, 2019). Following the July 2019 incident, Frontier audited and improved its containment measures at the UPT facility to further prevent the potential for any loose pellets to migrate offsite. Those improved containment measures are detailed in Frontier's responses to Plaintiffs' Interrogatories and Requests for Production. Frontier lacks any knowledge or information, nor has any such information or documentation been produced by Plaintiffs, demonstrating that any of the pellets collected in the Charleston area derive from Frontier's operations at the UPT facility, or

demonstrating that pellets continue to be released into the environment in the Charleston area which are derived from Frontier's operations at its UPT facility.

Respectfully submitted,

s/J. Joseph Owens
Randolph R. Lowell, Fed. Bar No. 9203
Chad N. Johnston, Fed. Bar No. 10813
J. Joseph Owens, Fed. Bar No. 12575
**WILLOUGHBY & HOEFER, PA**
133 River Landing Drive, Suite 200
Charleston, South Carolina 29492
rlowell@willoughbyhoefer.com
cjohnston@willoughbyhoefer.com
jowens@willoughbyhoefer.com
(843) 619-4426

*Attorneys for Frontier Logistics, L.P.*

July 31, 2020
Charleston, South Carolina