# Exhibit 6

SOUTHERN ENVIRONMENTAL LAW CENTER

Telephone 843-720-5270 525 EAST BAY STREET, SUITE 200 CHARLESTON, SC 29403-6655 Facsimile 843-414-7039

August 17, 2020

**VIA E-MAIL**

Randolph Lowell, Esquire
Willoughby & Hoefer, P.A.
930 Richland Street
Columbia, SC 29201

**Re: Subpoena to South Carolina Ports Authority, C.A. No. 2:20-CV-01089-DCN**

Dear Mr. Lowell:

We write in response to your letter of August 14, 2020 regarding our Rule 45 subpoena issued to your client, the State Ports Authority ("SCPA"), for "all documents relating to alleged release(s) of plastic pellets into the environment from any property owned by SCPA, including Union Pier; all documents exchanged with any employee or representative of Frontier Logistics, L.P., SCDHEC, or any other entity relating to plastic pellet pollution in Charleston waters." Please accept this letter as our pre-motion conference pursuant to Local Rule 7.02, as we intend to move to compel compliance with the subpoena under Rule 45(d)(2)(B)(i) by Friday, August 21, 2020.

In your August 14 letter, you have not contested the relevance of the requested information, or made any other arguably proper objection under Rule 45. You have also not stated that you intend to move to quash our subpoena under Rule 45(d)(3). Rather, you have – over our objection expressed in my email of August 5 – unilaterally converted our Rule 45 subpoena to a state Freedom of Information Act ("FOIA") request.

As noted in my email of August 5, we do not consent to the conversion of our Rule 45 subpoena to a FOIA request. In so doing, you assert that SCPA is an instrumentality of the State of South Carolina and therefore entitled to sovereign immunity. Thus, you contend, the SCPA does not "consent to jurisdiction in federal court." As noted in my August 5 email, we do not agree with your assertion that the SCPA is a state agency immune from service of a *non-party* Rule 45 subpoena for documents in federal litigation. We note, again, that your argument relies on multiple analytical flaws, and has been squarely rejected by many district courts. A Rule 45 subpoena served on a state agency, even assuming SCPA is one, does not implicate sovereign immunity. *See* Ex. 1 (citing cases).

Given your refusal to comply with our Rule 45 subpoena, we intend to move to compel compliance pursuant to Rule 45(d)(2)(B)(i) by Friday, August 21, 2020. While we believe our

letter exchange on this topic adequately satisfies the duty to consult on motions under Local Rule 7.02, we are also happy to confer by phone if you so desire.

Sincerely,

Catherine M. Wannamaker

Catherine Wannamaker

# EXHIBIT 1

**Catherine Wannamaker**

**From:** Catherine Wannamaker
**Sent:** Wednesday, August 05, 2020 6:26 PM
**To:** Randy Lowell
**Cc:** Mathieu Erramuzpe; Jeff Leath; Chad Johnston; J. Joseph (Joe) Owens
**Subject:** Re: Frontier Logistics — Rule 45 subpoena to State Ports Authority

Thank you, Randy.

We do not agree with SPA's view that sovereign immunity protects a non-party state agency from producing documents pursuant to subpoena in federal courts. Even assuming SPA is a state agency, state agencies "[are] not treated as a party by the issuance of a Rule 45 subpoena." *See Arista Records LLC v. Does 1-14*, 2008 WL 5350246, at *4 (W.D. Va. Dec. 22, 2008). Th courts have routinely held that a Rule 45 request does not constitute a "suit" against the state for purposes of sovereign immunity. *See Allen v. Woodford,* 544 F.Supp.2d 1074, 1078-9 (E.D.Cal.2008); *Jackson v. AFSCME Local 196,* , 2008 WL 1848900 (D.Conn. Apr. 25, 2008); *Laxalt v. McClatchy,* 109 F.R.D. 632, 635 (D.Nev.1986) (affirming magistrate's denial of the Nevada State Gaming Control Board's motion to dismiss a discovery subpoena and notice of deposition directed to it, a non-party). We note that *Arista Records* arose in another district court in the Fourth Circuit; the Court readily denied a motion to quash like the one you suggest you will file. *See Arista Records*, 2008 WL 5350246 at *4-*6.

FOIA is not a substitute for our subpoena, so we request that SPA comply as required by the Rules.

Thanks,

Catherine

On Aug 5, 2020, at 1:21 PM, Randy Lowell <rlowell@willoughbyhoefer.com> wrote:

> I would strongly urge you to consider sending a FOIA request to the Ports Authority first.
>
> The Ports Authority will assert sovereign immunity against federal process and move to quash this subpoena.
>
> However, if that is a path you want to take, then I will accept service of the subpoena via email subject to and without waiving any objections.
>
> <image001.jpg> Randolph R. Lowell
> **WILLOUGHBY & HOEFER, P.A.**

133 River Landing Drive, Suite 200
Charleston, SC 29492
(o) 843.619.4426
(f) 843.619.4430
rlowell@willoughbyhoefer.com

---

**From:** Catherine Wannamaker <cwannamaker@selcsc.org>
**Sent:** Wednesday, August 5, 2020 1:08 PM
**To:** Randy Lowell <rlowell@willoughbyhoefer.com>; Chad Johnston <cjohnston@willoughbyhoefer.com>; J. Joseph (Joe) Owens <jowens@willoughbyhoefer.com>
**Cc:** Mathieu Erramuzpe <merramuzpe@selcsc.org>; Jeff Leath <jeff@leathesq.com>
**Subject:** Frontier Logistics — Rule 45 subpoena to State Ports Authority

Randy, Chad, and Joe — Please see the attached Rule 45 subpoena we will be serving on the State Ports Authority late today or tomorrow.

I'd appreciate your confirmation of receipt. Also, can you confirm that email service to you is sufficient for purposes of Rule 45(a)(4)?

Thanks,
Catherine

Click here to report this email as spam.